UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
ERIC G. HUGHES,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01609-FB

*Appearances*:
*For the Plaintiff*:
EDDY PIERRE PIERRE, ESQ.
Pierre Pierre Law, P.C.
211 East 43rd Street, Suite 608
New York, New York 10017

*For the Defendant*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
By: ANNE M. ZEIGLER, ESQ.
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Hughes seeks review of the Commissioner of Social Security's denial of his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties agree that remand is warranted but disagree as to whether benefits may now be awarded. The Court holds that benefits should be awarded.

## I.

Hughes suffers from neck, shoulder, back, hip and knee pain, headaches and migraines, obesity, asthma, sleep apnea, and depression. He has not worked since 2011.

The Commissioner concedes that remand is appropriate because the ALJ erred by failing to consider a non-mechanical application of the Medical Vocational Guidelines age category. *See* ECF No. 22 at 19. Hughes argues that the ALJ further erred by failing to apply the treating physician rule and by failing to properly evaluate his subjective symptom testimony.

## II.

Remand for calculation of benefits is appropriate when the record provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). Additionally, where reversal is based on the Commissioner's failure to sustain her burden to show that plaintiff can engage in sedentary work, "no purpose would be served by [] remanding the case for rehearing." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983).

In this case, proper application of the legal standards supports a finding that Hughes is incapable of performing sedentary work. The vocational expert testified

that the jobs available in the national economy based on Hughes' RFC would only tolerate one absence per month, and that there would be no work available for an individual who had to veer off task every 15 minutes. Hughes' treating physicians consistently held that his symptoms would cause him to be absent from work 2-3 times a month. *See, e.g.*, A.R. 446, 1317, 1342. Dr. Cohen further opined that Hughes would need to take a break every 15 minutes. *See* A.R. 444.

As in *Finnegan v. Berryhill*, remand for the calculation of benefits is appropriate "because the record provides persuasive proof of plaintiff's disability, proper application of the legal standards would not contradict the weight of this evidence in the record, and 'the Commissioner failed to introduce evidence sufficient to sustain [her] burden of proving that [plaintiff] could perform the exertional requirements of sedentary work.' " No. 1:16-CV-03939(FB), 2017 WL 4990565, at *5 (E.D.N.Y. Oct. 30, 2017) (quoting *Henningsen v. Comm'r of Soc. Sec. Admin.*, 111 F. Supp. 3d 250, 273 (E.D.N.Y. June 8, 2015)).

Here, the opinions of Hughes' treating physicians were entitled to controlling weight.[1] When given such weight, they support a finding that there are no jobs in the

---

[1] The ALJ's decision not to assign controlling weight to Hughes' treating physicians was error since: (1) she ignored relevant objective evidence that supported the treating physicians' opinions (*See Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ was not permitted to 'cherry-pick' from [a physician's] mixed results to support a denial of benefits") (internal citations omitted)); and (2) she did not account for Hughes' subjective complaints of pain (*See Green-Younger v.*

national economy that Hughes can perform. Accordingly, Hughes is entitled to the calculation of benefits upon the remand.

## CONCLUSION

Hughes' motion is **GRANTED**, and the Commissioner's is **DENIED**. The case **REMANDED** for the calculation of benefits.

**SO ORDERED.**

                                                  _/S/ Frederic Block_
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
July 1, 2021

---

*Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) ("a patient's report of [subjective] complaints. . . is an essential diagnostic tool") (citing *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997)).