UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ERIC G. HUGHES,

              Plaintiff,

  -against-

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01609

*Appearances:*
*For the Plaintiff*:
EDDY PIERRE PIERRE, ESQ.
Pierre Pierre Law, P.C.
211 Each 43rd Street, Suite 608
New York, NY 10017

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: ANNE M. ZEIGLER
Special Assistant United States Attorney
Social Security Administration

**BLOCK, Senior District Judge:**

    Plaintiff Eric G. Hughes obtained past-due benefits after the Court vacated the Social Security Administration's ("SSA's") denial of his disability benefits claim. Pending is Attorney Eddy Pierre Pierre's ("Pierre") motion for approval of a contingency fee agreement ("the Agreement"), which provides that 25% of the plaintiff's past due benefits award will be paid to counsel. *See* ECF No. 31. The Court notes that the SSA has withheld $38,819.75 of the plaintiff's past due benefits

1

to cover a possible fee award, and Pierre has already been awarded $7,500.00 under the Equal Access to Justice Act ("EAJA"). *See* ECF No. 33-3.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

In early 2022, the Second Circuit enumerated additional factors to consider when assessing whether the attorney is receiving a windfall: First, a court should consider the ability and expertise of the lawyers and whether they were particularly efficient. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Second, a court should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *Id.* at 855. Consideration of the time

spent and work performed at the agency level can inform the court of "'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (citing *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, a court should consider the satisfaction of the disabled claimant. *Id.* at 855. Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.*

Here, Pierre requests a fee of $31,319.75, which is $7,500 less than 25% of the total benefits award. There is no evidence of fraud or overreach in the Agreement. Thus, the only question is whether an award of $38,319.75 for 38.2 hours of work (or $1,010.40/hour) would constitute a windfall. It would not.

There are no objections to Pierre's expertise or the quality of his representation of Hughes. Since September 2018, Pierre has represented Hughes in both the administrative and federal court proceedings, including a prior district court appeal that resulted in a remand. There have also been no concerns about the plaintiff's satisfaction with his representation or the outcome of the matter.

Courts have awarded fees at a de facto rate around or higher than $1,010/hour. *See, e.g.*, *Bate v. Berryhill,* No. 18-CV-1229 (ER), 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (finding the *de facto* hourly rate of $1,506.32 was product of competent and efficient advocacy); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38

3

(S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel). In addition, the hours spent on the federal case are reasonable. *See Patterson v. Apfel,* 99 F.Supp.2d 1212, 1214 & n.2 (C.D.Cal. 2000) (collecting cases).

However, the Court cannot deduct the $7,500.00 EAJA award from its final award, since the statute requires that "the claimant's attorney. . . refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 789. Accordingly, Pierre shall be required to refund the $7,500 he received under the EAJA.

## CONCLUSION

The motion for attorney's fees is **GRANTED IN PART**. The Commissioner of the SSA is **ORDERED** to disburse $38,319.75 to Pierre and any remainder to the plaintiff. Upon receipt of these funds, Pierre is **DIRECTED** to refund the $7,500.00 awarded under the EAJA to the plaintiff.

**SO ORDERED.**

                                                       _/s/ Frederic Block_____
                                                       FREDERIC BLOCK
                                                       Senior United States District Judge

Brooklyn, New York
June 15, 2022